UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA


IVANNA HILL,

Plaintiff,

vs.                                                     Case No.:

REDLINE RECOVERY SERVICES,
LLC,

Defendant.
_____/


## COMPLAINT

1.      Plaintiff alleges a violation of the Fair Debt Collection Practices Act, 15 U.S.C.

1692 et seq. ("FDCPA").

### JURISDICTION

2.      Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, and pursuant to 15

U.S.C. § 1692 et seq. ("FDCPA").

3.      This action arises out of Defendant's violation of the FDCPA, and out of the

invasion of Plaintiff's personal and financial privacy by this Defendant and its agent in its illegal

effort to collect a consumer debt from Plaintiff.

4.      Venue is proper in this District because the act and transaction occurred here,

Plaintiff resides here, and Defendant transacts business here.

<u>PARTIES</u>

5.      Plaintiff, IVANNA HILL, is a natural person who resides in the City of Coral Springs, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.      Defendant REDLINE RECOVERY SERVICES, LLC (hereinafter "Defendant Redline") is a collection agency operating from an address of 95 John Muir Drive, Amherst, NY 14228, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.      Defendant Redline regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.      Defendant Redline regularly collects or attempts to collect debts for other parties.

9.      Defendant Redline is a "debt collector" as defined in the FDCPA.

10.     Defendant Redline was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

<u>FACTUAL ALLEGATIONS</u>

11.     Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.     Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.     Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

<u>COLLECTION CALL</u>

14.     In or about July, 2010, Defendant Redline's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15.     During this July, 2010 call, Defendant failed to identify himself as a debt collector.

<u>SUMMARY</u>

16.     The above-described collection communication made to Plaintiff by Defendant Redline, and a collection employee employed by Defendant Redline, was made in violation of multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692(d)6, and 1692e(11).

17.     During its collection communication, Defendant and this individual debt collector employed by Defendant Redline failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692(d) 6, and 1692e(11), amongst others.

18.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

<u>TRIAL BY JURY</u>

19.     Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT 1

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The foregoing act and omission of the Defendant and its agent constitutes multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

22.     As a result of the Defendant's violation of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

### COUNT 2

### FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

23.     Defendant failed to disclose in the telephone message that it is a debt collector in violation of 15 U.S.C. 1692e(11).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a)     Damages and

b)     Attorneys' fees and costs.

<u>COUNT 3</u>

<u>FAILURE  TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY</u>

24.     Defendant placed a telephone call to Plaintiff without making meaningful disclosure of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communication in the telephone message in violation of 15 U.S.C. 1692d(6).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  August 2, 2010                     Respectfully submitted,


/s Andrew I. Glenn
Andrew I. Glenn
E-mail:  AGlenn@cardandglenn.com
Florida Bar No.:  577261
J. Dennis Card, Jr.
E-mail:DCard@cardandglenn.com
Florida Bar No.  0487473
Card & Glenn, P.A.
2501 Hollywood Boulevard, Suite 100
Hollywood, Florida 33020
Telephone:  (954) 921-9994
Facsimile:  (954) 921-9553
Attorneys for Plaintiff